IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

GREGORY GILLILAN,            :
                                         :
                Plaintiff      :
                                         :
           VS.                  :
                                       :
KAREN DOUGLAS,             :    NO. 1:06-cv-82(WLS)
                                       :
                Defendant   :    **<u>ORDER TO SUPPLEMENT</u>**

Plaintiff **GREGORY GILLILAN**, an inmate at Calhoun State Prison in Morgan, Georgia, has filed a *pro se* complaint under 42 U.S.C. § 1983.

### I.  *MOTION TO PROCEED IN FORMA PAUPERIS*

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee.  Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2).  The Clerk of Court is directed to send a copy of this order to the

business manager and the warden of the institution where plaintiff is incarcerated.

## II. ORDER TO SUPPLEMENT

Plaintiff, who suffers from an unspecified form of cancer, alleges that on June 6, 2006, defendant Karen Douglas (occupation unknown), instructed a prison guard at Calhoun State Prison to remove plaintiff's mattress. As a result, plaintiff was forced to sleep on the concrete floor.

After reviewing plaintiff's complaint, the Court finds that additional information is needed before a proper evaluation of his claims can be made. Accordingly, plaintiff is instructed to supplement his complaint by describing the time period during which he remained in his cell without a mattress and the injuries that he suffered, if any, as a result of the alleged deprivation. Plaintiff is further instructed to explain why he believes that Douglas had plaintiff's mattress confiscated.

Plaintiff is hereby given thirty (30) days from receipt of this order to submit a supplement to his complaint, limited to this claim only. No other claims will be considered. If plaintiff fails to respond to this order in a timely manner, this action shall be dismissed. There shall be **no service of process** until further order of the Court.

**SO ORDERED**, this 13th day of June, 2006.


*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


2